IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LYE H. ONG,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN J. SCRUGGS,<br><br>    Defendant. | Civil Action No.:  PX-24-1662 |

**MEMORANDUM OPINION**

Plaintiff Lye H. Ong, an inmate at Baltimore City Correctional Center ("BCCC"), asks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  Because Ong appears indigent, this request is granted.  Consequently, the Court must screen Ong's Complaint for sufficiency.  *See* 28 U.S.C. § 1915(e)(2)(B) and 1915A(b).

The Complaint alleges that Defendant Carolyn J. Scruggs, the Secretary of the Maryland Department of Public Safety and Correctional Services ("DPSCS"), has denied Ong credit for having been "double celled" pursuant to the Special Project Credits for Housing statute.  Md. Code Ann. Corr. Servs. § 3-707(a)(1).  Ong more specifically complains that his criminal record has precluded him from receiving such credit and that this denial is "discriminatory and prejudicial." *Id.* at 4-5.  He contends that an inmate may lose such credits only where the disqualifying crime was committed after January 1, 2002. *Id.* at 5.  Because Ong's prior crimes occurred before 2002, says Ong, he cannot be denied the double-cell credits.  Ong has written to Defendant on three occasions regarding this issue. *Id.* at 6.  He asks to be awarded those credits and for monetary damages. *Id.*

To make plausible a claim pursuant to 42 U.S.C. § 1983, the Complaint must aver that the plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint, read most favorably to Ong, does not make plausible any specific constitutional deprivation. At best, the Court discerns a possible alleged due process violation under the Fourteenth Amendment to the United States Constitution. This right, however, is tightly circumscribed; "given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976); s*ee also Sandin v. Conner*, 515 U.S. 472, n.2 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest). A liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Lack of opportunity to obtain diminution credits toward early release alone does not constitute an atypical and significant hardship for due process purposes. *See Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995). Nor have courts recognized any protected liberty interest in the expectation of early release on parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U.S. 14, 18–19 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). Accordingly, as pleaded, the bare failure to apply diminution credits for "double celling" does not make plausible a due process violation.

The Court also recognizes that perhaps Ong may have intended to file a petition for writ of habeas corpus. But even in that circumstance, he cannot proceed in this Court. Challenges to the calculation of a state sentence and award of diminution credits generally concern state law and do not alone implicate a federal question. *McCray v. Rosenblatt*, 27 F.3d 563 (4th Cir. 1994) (per curiam) (unpublished); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970). A state law violation that does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if the violation amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). A dispute over diminution credits does not rise to this level. *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *see Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law). Thus, whether Ong is entitled to double celling credits per state statute does not alone support a cognizable federal habeas claim. The Complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent

danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. § 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S. Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under § 1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

    A separate Order follows.

Date:  8/7/24

/S/
Paula Xinis
United States District Judge